J-S37022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :

               v.                               :
                                                  :
                                                    :

JAMES BROOKS,                            :
                                                    :

                Appellant.                  :       No. 2649 EDA 2018

Appeal from the PCRA Order Entered, September 7, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011224-2012.

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:            **FILED SEPTEMBER 10, 2019**

James Brooks appeals from the order denying his first petition for relief

pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-

9546.  We affirm.

In disposing of Brooks' direct appeal, we quoted the trial court's

summary of the pertinent facts and procedural history as follows:

> On the evening of January 25, 2012, [Brooks and his co-defendant, Tyrone Jefferson (Jefferson)] walked together along Bridge Street in the direction of Torresdale Avenue[, in Philadelphia].  After the pair crossed Ditman Street, they passed a house [on] Bridge Street, where Quadir Bush (Bush) and [Bush's] cousins were celebrating a family member's birthday.  Bush's cousins, Mark Brown (Brown) and Darryl Wallace (Wallace), both described feeling uneasy as Jefferson and [Brooks] walked past.
>
> At the intersection of Bridge Street and Torresdale Avenue, four of [Brooks'] friends – Ali Ellis (Ellis), Zakeem Singleton (Singleton), Dhubair Muhamad (Muhamad), and Mysheer Pryor (Pryor) – stood, smoking cigarettes together outside

of a corner store. Jefferson and [Brooks] spoke to Ellis and Muhamad for two-and-a-half to five minutes. After that conversation, Jefferson and [Brooks] doubled-back [and walked] north on Bridge Street in the direction from which they had come. Jefferson and [Brooks] walked directly to Bush and his cousins, where [Brooks] asked if anyone had marijuana. In response, Bush and his cousins laughed; they told [Brooks] that they did not have any marijuana. [Brooks] pressed [and asked] for drugs a second time. The cousins once again answered in the negative, angering [Brooks]. Wallace [testified] that [Brooks] "went from 0 to 100." [Brooks] then said, "you all think I'm playing[?]" and told Jefferson to pass him a gun. Jefferson took a revolver from the waistband of his pants and handed it to [Brooks].

[Brooks] [] pointed the gun at the cousins, prompting Wallace and Brown to run for cover. As they ran toward the house, [Brooks] aimed the gun at Bush's head [and pulled] the trigger [from] less than two feet away. A single bullet penetrated Bush's head, killing him. Immediately thereafter, Jefferson and [Brooks] ran away together "down Torresdale towards Pratt."

. . .

On September 16, 2013, following a jury trial[, Brooks] was found guilty of [first-degree murder, criminal conspiracy, and possessing instruments of crime]. That same day, [the trial court] sentenced [Brooks] to the mandatory term of life imprisonment for murder in the first degree. On September 20, 2013, [Brooks] filed [a] post-sentence motion[], which [the trial court] denied on January 16, 2014.

*Commonwealth v. Brooks*, 122 A.3d 1124 (Pa. Super. 2015) (citation and footnote omitted), unpublished memorandum at 1-2.

Brooks filed a timely appeal to this Court in which he claimed that the trial court abused its discretion "when it overruled [defense] objections to comments made by the prosecutor during his closing speech wherein he gave his personal opinion regarding the testimony given by [a defense witness] and

told the jury that the defense had a duty to interview and take statements from witnesses even though the police had not done so?" ***Brooks***, unpublished memorandum at 3. We found no merit to this claim and, on June 5, 2015, we adopted the trial court's opinion as our own and affirmed Brooks' judgment of sentence. ***See id.*** Our Supreme Court denied Brooks' petition for allowance of appeal on February 1, 2016. ***Commonwealth v. Brooks***, 131 A.3d 419 (Pa. 2016).

Brooks filed a timely *pro se* PCRA petition on November 15, 2016. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on October 17, 2017. On May 23, 2018, the Commonwealth filed a motion to dismiss. On July 16, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Brooks' amended petition without a hearing. Brooks did not file a response. By order entered September 7, 2018, the PCRA court dismissed Brooks' amended petition. This timely appeal followed. Both Brooks and the PCRA court have complied with Pa.R.A.P. 1925.

Brooks raises the following issues:

1. Did the PCRA court err in dismissing [Brooks'] PCRA Petition without a hearing because trial counsel was ineffective for failing to ensure that he received discovery on witness retaliation resulting in prejudice to [Brooks] and for failing to ensure that the Court's Order as to same was enforced and, as a result, should this matter be remanded for an evidentiary hearing and a new trial?

2. Did the PCRA court err in dismissing [Brooks'] PCRA Petition without a hearing because trial counsel was ineffective for not objecting to prosecutorial misconduct resulting in prejudice to [Brooks] wherein the prosecutor made comments during opening statements about a

- 3 -

drugs turf war when there was no evidence to support this theory of the case and should this matter be remanded for an evidentiary hearing and a new trial?

Brooks' Brief at 4.  We will address these issues in the order presented.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion.  *Commonwealth v. Roney*, 79 A.2d 595, 604 (Pa. 2013).  The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.  *Id.*  To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

Both of Brooks' issues allege the ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence,

that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" ***Id.*** (citing ***Commonwealth v. Saranchak***, 866 A.2d 292, 304 n.14 (Pa. 2005).

As to the second prong of this test, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. ***Commonwealth v. Collins***, 545 A.2d 882, 886 (Pa. 1988). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-63 (Pa. Super. 2000) (citation omitted).

As to the third prong of the test for ineffectiveness, "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors,

the result of the proceeding would have been different." ***Stewart***, 84 A.3d at 707. "A reasonable probability 'is a probability sufficient to undermine confidence in the outcome.'" ***Id.*** (quoting ***Commonwealth v. Rathfon***, 899 A.2d 365, 370 (Pa. Super. 2006).

Finally, when considering an ineffective assistance of counsel claim, the PCRA court "is not required to analyze these [prongs] in any particular order of priority; instead if a claim fails under any necessary [prong] of the ineffectiveness test, the court may proceed to that [prong] first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted). In particular, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995).

In its Rule 1925(a) opinion, the PCRA court described the pertinent facts regarding Brooks' first ineffectiveness claim as follows:

> On September 9, 2013, during jury selection for this case, witness Darryl Wallace entered the courtroom and briefly disrupted operations. After the parties had selected the next juror to serve on the panel in this case, the Assistant District Attorney (ADA) asked this Court to hear a petition to hold Mr. Wallace overnight due to security concerns. Mr. Wallace was brought into the courtroom, and a lengthy discussion then followed between this Court, Mr. Wallace and the ADA, in which Mr. Wallace advised that he did not want to testify at trial and that he had been approached, on at least two occasions, by unknown assailants who threatened him not to testify. [While co-defendant Jefferson's attorney spoke briefly during this exchange, Brooks' counsel did not say anything.] During this

> discussion, the ADA made clear that he was unaware that Mr. Wallace had been approached by individuals threatening his safety. At the end of this discussion, the ADA requested time to take measures to ensure Mr. Wallace's safety, and this Court granted that request.

PCRA Court Opinion, 1/3/19, at 5 (citations and footnote omitted).

In his first issue, Brooks alleges that trial counsel was ineffective for failing to ensure that the Commonwealth complied with the trial court's order that it provide discovery regarding threats allegedly made to Mr. Wallace. According to Brooks, he "suffered prejudice as a result because he was unable to properly rebut these allegations." Brooks' Brief at 9. In addition, Brooks claims that he has established a **Brady**[1] violation because "if provided, such discovery may have been exculpatory given that codefendant counsel presented significant evidence regarding other potential shooters or may have [altered] [Brooks'] position in relation to, *inter alia*, plea negotiation." **Id.** at 11.

The PCRA court found this claim of ineffectiveness lacked arguable merit. It concluded:

> At no point in the discussion did the ADA state or even suggest that he had any discovery concerning the witness intimidation which had allegedly occurred two days earlier, nor did this Court order the Commonwealth to provide any discovery regarding such information. [At trial, neither trial counsel nor the ADA questioned Mr. Wallace concerning the details underpinning the alleged threat made against him.] [Brooks] did not provide any details regarding his claim so, other than what is contained in the record, this Court had

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

no idea what the basis of this claim was. Therefore, without more, this Court determined that the factual basis underlying [Brooks'] claim was without merit and failed.

PCRA Court Opinion, 1/3/19, at 5-6 (citations and footnote omitted). In addition, the PCRA court noted that it advised Brooks of this factual deficiency in its Rule 907 notice, "but [Brooks] never provided any additional information to supplement his claim." *Id.* at 6.

Our review of the record supports the PCRA court's conclusions. In essence, the PCRA court found no merit to Brooks' first issue because the court never ordered the Commonwealth to provide such discovery and Brooks had not established that such discovery exists. Thus, the PCRA court did not err in dismissing Brooks' first issue without holding a hearing. *See Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

In his second issue, Brooks claims that the PCRA court erred in dismissing his PCRA petition without a hearing because trial counsel was ineffective, "for not objecting to prosecutorial misconduct resulting in prejudice to [him] wherein the [ADA] made comments during opening statements about a drugs turf war when there was no evidence to support this theory of the case." Brooks' Brief at 8. According to Brooks, "this prejudiced [him] because the jury was polluted with a false theory of premeditation when

it seems that the shooting of [the victim] was more an instantaneous act without premeditation associated with First-Degree Murder." *Id.* at 12.

Brooks' claim involves an allegation of prosecutorial misconduct. Our standard of review is well settled:

> [P]rosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. . . . In reviewing a claim of improper prosecutorial comments, our standard of review is whether the trial court abused its discretion. When considering such a claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one, because not every inappropriate remark . . . constitutes reversible error.

*Commonwealth v. Noel*, 53 A.3d 848, 858 (Pa. Super. 2012) (citations omitted). "Prosecutorial misconduct, however, will not be found where the comments were based on evidence or proper inferences therefrom or were only oratorical flair." *Commonwealth v. Harris*, 884 A.2d 920, 927 (Pa. Super. 2005) (citation omitted). In order to evaluate whether comments were improper, we must look to the context in which they were made. *Id.*

According to Brooks, the Commonwealth committed prosecutorial misconduct during its opening statements to the jury. As our Supreme Court has summarized:

> The principles applicable to such a claim are well established. Remarks in a prosecutor's opening statement must be fair deductions from the evidence which he in good faith plans to introduce and not mere assertions designed to inflame the passions of the jury. The prosecution is not, however, required to prove conclusively all statements

- 9 -

made during the opening [statement]. As long as there is a good faith and reasonable basis to believe that a certain fact will be established, reference may properly be made to it during the opening [statement]. Even if an opening [statement] is improper, relief will be granted only where the unavoidable effect is to so prejudice the finders of fact as to render them incapable of objective judgment.

*Commonwealth v. Jones*, 610 A.2d 931, 938-39 (Pa. 1992) (citations omitted).

The PCRA court found no merit to this claim. The court first recounted the context of the challenged comment as follows:

> Prior to the commencement of opening statements, this Court instructed the jury that "statements made by counsel, that is, any of these three attorneys, does not constitute evidence, so they are not binding on you in any way." N.T. 9/10/13 at 20. Thereafter, in his opening statement, the ADA then asserted:
>
>> As you know, we're here because, on January 25th of 2012, these two defendants took the life of a 32-year-old man and they did it over nothing. Well, I say it's nothing because it's hard to fathom that somebody would kill another person over something so simple as turf. These two guys wanted to sell drugs on a corner so bad, they killed [the victim] by shooting him in the face.
>
> *Id.* at 25-26.
>
> Shortly after making this statement, the ADA referenced that the area of the shooting was frequented by "drug dealers and drug addicts," at which point, counsel for [Brooks'] co-defendant objected and moved for mistrial, which this Court denied. *Id.* at 26.

PCRA Court Opinion, 1/3/19, at 7-8.

- 10 -

The PCRA court next cited to testimony at trial that arguably supported the ADA's comments:

> Darryl Wallace testified that, at the time of the shooting on January 25, 2012, he and the [victim] and three other members of their family were standing on the northwest corner of Bridge Street and Torresdale Avenue in Philadelphia. Mr. Wallace's group was approached by a "short, cross-eyed guy [who] came up and asked us about pills. We told him we didn't have any pills and he left. Shortly thereafter, Mr. Wallace observed [Brooks] and his co-defendant walking past them, in the direction of a store up the street, and observed [Brooks] and his co-defendant talking "to the cross-eyed boy." Mr. Wallace saw [Brooks] look in the direction of him and the [victim] on the corner and then move to approach them. Mr. Wallace testified that [Brooks] asked "where the weed was at." Mr. Wallace testified that at least one member of his group told [Brooks] that they didn't have drugs, and that [Brooks] asked the same question again. Mr. Wallace testified that, when his group replied once more that they did not have any drugs, [Brooks] replie,. "you all think I'm playing," and told his co-defendant to pass him a gun, at which point the co-defendant handed [Brooks] a revolver from the waistband of his pants and [Brooks] shot the [victim] in the head.

PCRA Court Opinion, 1/3/19, at 8 (citations omitted).

The PCRA court then explained why Brooks did not establish that the challenged comments were either improper or prejudicial. The court reasoned:

> Though [the trial] testimony may not have been explicit as the ADA may have anticipated, this evidence demonstrates that the ADA had some good-faith basis to assert in his opening statement that the shooting was motivated by a dispute over drug territory, and the ADA was within the reasonable latitude permitted in opening statements to assert that the facts would support this theory. Furthermore, the jury is presumed as a matter of

law to have followed this Court's instructions not to consider the ADA's opening statement as evidence against [Brooks]. *See Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001) ("The law presumes the jury will follow the instructions of the court."); *Commonwealth v. Means*, 773 A.2d 143, 157 (Pa. 2001) ("A pillar of our system of trial by jury is that jurors are presumed to follow instructions of the court.")

In any event, even assuming the ADA's comments in the opening statement were improper, which this Court finds they were not, [Brooks] cannot demonstrate that the unavoidable effect of those comments was to prejudice the jury against him such that it was fixed in the jury's minds that [Brooks] acted with premeditation and specific intent to kill, as this issue was established by the evidence at trial. Specific intent to kill may be inferred from a defendant's use of a deadly weapon on a vital part of the victim's body. *Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa. Super. 2005). Here, both eyewitnesses, Mr. Wallace and wtiness Mr. Brown, testified that [Brooks], along with his co-defendant, approached the [victim] and his cousins and asked for marijuana. Immediately after being told that no one in the group had any, [Brooks] turned to his co-defendant, demanded a gun, and then pointed it at the [victim] and shot the [victim] in the head at close range. N.T. 9/10/13, at 88-96; 9/11/13 at 17-26. [Brooks] demand for a deadly weapon from his co-defendant, together with his use of that weapon on a vital part of the [victim's] body, was fully sufficient to establish [Brooks'] specific intent to kill. The [ADA's] comments in [his] opening statement concerning the motive for this killing were not improper, and [Brooks] failed to show that those comments fixed in the minds of the jury bias or hostility towards [Brooks]. As the [the prosecutor] committed no misconduct in [his] opening statement, [Brooks'] claim that counsel was ineffective for failing to object lacks arguable merit, and this claim fails.

PCRA Court Opinion, 1/3/19, at 8-9.[2]  Once again, our review of the record supports the PCRA court's conclusions.

The record refutes Brooks' arguments that the "prosecutor engaged in misconduct by presenting a theory of the case that he was unable to prove and which sowed seeds of prejudice in the jury's mind," and that the "opening statement of a turf war theory also established premeditation that did not exist." Brooks' Brief at 15.  Moreover, Brooks contention that the PCRA court "attempts to create a good faith basis for the prosecutor from one statement – "you all think I'm playing?" *see id.*, is baseless.  As noted by the PCRA court, while the prosecutor may have expected that the testimony of the Commonwealth witnesses would establish the proffered motive for the killing, the fact that this did not occur, does not vitiate the prosecutor's good faith belief.  Indeed, our reading of the trial transcripts reveals additional evidence of a "turf war."  ***See***, ***e.g.,*** N.T., 9/11/13, at 96 (Mr. Wallace testifies that they shot the victim "[o]ver a drug corner").

Finally, in making his ineffectiveness claim, Brooks only makes a bare assertion that he "suffered prejudice."  Brooks' Brief at 15.  In making this assertion, Brooks ignores the Commonwealth evidence, as cited by the PCRA court above, which supported the jury's finding that he committed first-degree murder.  ***See Commonwealth v. Fisher***, 769 A.2d 1116, 1124 (Pa. 2001).

---

[2] In addition, we note that the trial court repeated its admonition to the jury that "speeches of counsel are not part of the evidence, and you should not consider it as such" during its final instructions.  N.T. 9/16/13, at 39.

- 13 -

(holding that "[t]he period of reflection necessary to constitute premeditation may be very brief; in fact, the design to kill can be formulated in a fraction of a second").  Thus, for all of these reasons, Brooks second ineffectiveness claim fails.  ***Commonwealth v. Spotz***, 896 A.2d 1191, 1247 (Pa. 2006) (reiterating that "counsel will not be deemed ineffective for failing to raise a meritless objection").

In sum, because Brooks has not established his ineffective assistance of counsel claims, the PCRA could did not err in denying Brooks' petition without a hearing.  ***Blakeney***, ***supra***.  We therefore, affirm its order denying Brooks post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19